CMR

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RODNEY HOJNOWSKI,** | : | **Civil Action No. 13-5618** |
| **Plaintiff,** | : | |
| v. | : | |
| | : | |
| **BERKS COUNTY, et al.,** | : | FILED |
| **Defendants.** | : | |
| | : | JAN 2 8 2015 |
| | : | |

MICHAEL E. KUNE Cler
By _____ ,Dep. Cerk

## MEMORANDUM OPINION

**Rufe, J.**                                                        **January 28, 2015**

Plaintiff has filed a *pro se* civil rights action against Berks County, the Berks County

Sheriff Eric J. Weaknecht, and Berks County Deputy Sheriff "John Doe" ("Berks County

Defendants"), Spring Township and various Spring Township employees,[1] pursuant to 42 U.S.C.

§ 1983.[2] With regard to the Berks County Defendants, Plaintiff has pled an excessive force claim

and a deliberate indifference/failure to render medical aid claim. The Berks County Defendants

have filed a Motion to Dismiss. For the reasons set forth herein, the Court will grant the Berks

County Defendants' Motion as to the excessive force claim, and grant in part and deny in part

with regard to the deliberate indifference/failure to render medical aid claim.

## I.     FACTS ALLEGED IN THE COMPLAINT

On March 20, 2012, Spring Township Police Officer Brock received information that

Plaintiff had an outstanding arrest warrant for violation of parole. He also learned that Plaintiff

could be found at a certain apartment building address and that he was in possession of a black

2011 Dodge Avenger. Officer Brock and Spring Township Police Officer Long set up

---

[1] The Spring Township Defendants have also filed a motion to dismiss, which will be addressed separately.

[2] The Complaint also contains state law tort claims, but those claims are not asserted against the Berks County Defendants.

*legal*

surveillance at the apartment building, in two separate unmarked police vehicles.

Around 1:00 p.m., Plaintiff left the apartment building, entered the black 2011 Avenger, and began driving. Another Spring Township officer, Officer Schappell, initiated a traffic stop in a marked police car. Plaintiff initially pulled to the side of the road, with Officer Schappell's marked police vehicle behind him, and Officer Brock's unmarked vehicle in front of his car. Officer Long positioned his unmarked vehicle behind Officer Schappell, and Officer Getz positioned his marked police car in front of Officer Brock's. Officer Brock, who had exited his vehicle, was standing between the rear of his vehicle and the front of Plaintiff's vehicle when Plaintiff began to flee by making a u-turn. Officer Brock fired two shots at Plaintiff, which hit the car but missed Plaintiff. Plaintiff continued his u-turn and left the scene. As he did so, Officer Schappell fired two shots at Plaintiff: one shot hit the car, and the second struck Plaintiff in the back, behind his left armpit. Plaintiff continued to speed away towards his home, with all four officers in pursuit in four separate police vehicles. The Complaint indicates that, to apprehend Plaintiff, at least one officer was driving his police car at 80 mph in a 45 mph zone.

Plaintiff arrived at his home, stepped out of his car, and showed the officers he was injured by removing his shirt. Officer Getz handcuffed Plaintiff's hands behind his back and left him alone, lying on the sidewalk, so that he could help the other officers secure Plaintiff's family members. When Sergeant Van Etten arrived on the scene, he provided medical attention to Plaintiff until the fire department arrived. The ambulance arrived around 1:18 p.m., and Plaintiff was taken directly to the hospital.

Plaintiff arrived at the hospital around 1:29 p.m., where emergency surgery was performed for a collapsed lung and fractured ribs. He remained in the hospital until March 25, 2012.

2

When Plaintiff was discharged from the hospital on March 25, 2012, at approximately 2:00 p.m., he was taken to Berks County Central Booking. He was held, shackled, in a room for approximately 14 hours, in pain, without pain medication, and in need of having his wounds cleaned and bandages changed. He was not seen by Berks County medical staff until the afternoon of March 26, 2012.

On April 3, 2012, Plaintiff was arraigned on criminal charges stemming from the events of March 20, 2012. It is not clear from the Complaint whether or when Plaintiff was given a hearing regarding his alleged parole violation.

Plaintiff alleges that Berks County is liable for the Spring Township officers' use of excessive force and failure to provide immediate medical attention on March 20, 2012, and that Berks County, Sheriff Weaknecht, and Deputy Sheriff Doe are each liable for Deputy Sheriff Doe's failure to render medical aid on March 25-26, 2012, while Plaintiff was in Central Booking.

## II.    STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate where a plaintiff's "plain statement" lacks enough substance to show that he is entitled to relief.[3] In determining whether a motion to dismiss should be granted, the court must consider only those facts alleged in the complaint, accepting the allegations as true and drawing all logical inferences in favor of the non-moving party.[4] Courts are not bound to accept as true legal conclusions couched as factual

---

[3] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

[4] *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994); *Fay v. Muhlenberg Coll.*, No. 07-4516, 2008 WL 205227, at *2 (E.D. Pa. Jan. 24, 2008).

allegations.[5] Something more than a mere *possibility* of a claim must be alleged; rather plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."[6] The complaint must set forth "direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory."[7] The court has no duty to "conjure up unpleaded facts that might turn a frivolous . . . action into a substantial one."[8] Legal questions that depend upon a developed factual record are not properly the subject of a motion to dismiss.[9]

## III.   DISCUSSION

*Claims Arising from Events of March 20, 2012*

The March 20, 2012 police encounter during which Plaintiff was shot involved the Spring Township Police Department, and not the Berks County Defendants. Therefore, Berks County has moved for dismissal of the claims arising from that incident.

Pursuant to 42 U.S.C. § 1983, the county can only be liable if the alleged constitutional injuries resulted from policies, practices, decisions, or customs of Berks County.[10] As Plaintiff has not pled that the Spring Township Police Department or its employees are subject to any relevant policies, practices, or training implemented by Berks County, and in fact pled to the contrary—that the Spring Township is responsible for writing the policies, procedures, and training that must be followed by all Spring Township Police Department personnel, Plaintiff has not stated a claim against the County for the events of March 20, 2012 concerning Plaintiff's

---

[5] *Twombly*, 550 U.S. at 555, 564.

[6] *Id.* at 570.

[7] *Id.* at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)) (internal quotation marks omitted).

[8] *Id.* (quoting *McGregor v. Indus. Excess Landfill, Inc.*, 856 F.2d 39, 42-43 (6th Cir. 1988)).

[9] *See, e.g., TriState HVAC Equip., LLP v. Big Belly Solar, Inc.*, 836 F. Supp. 2d 274 (E.D. Pa. 2011).

[10] *Monell v. Dept. of Social Serv. of N.Y.*, 436 U.S. 658, 694 (1978) (liability under §1983 cannot be premised on a theory of *respondeat superior*; to establish liability, a plaintiff must demonstrate the existence of an official policy or custom which caused the constitutional injury).

apprehension.[11] Similarly, with regard to the claim that Berks County failed to reprimand the Spring Township officers for their alleged acts and omissions on March 20, 2012, Plaintiff has failed to plead that Berks County has any authority or responsibility to discipline Spring Township police officers.[12]

*Claims Arising from Events of March 25-26, 2012*

On March 25, 2012, after a five day hospitalization, Plaintiff was transported to Berks County Central Booking. Plaintiff alleges that he was in Central Booking for approximately 13 hours prior to his transfer to the Berks County Jail. While in Central Booking, he alleges, his arms and legs were shackled, causing pain, and his bandages were not changed, despite his request for assistance. He alleges that this constituted cruel and unusual punishment, in violation of his Fourth, Eighth, and Fourteenth Amendment rights. These claims are asserted against Berks County, Berks County Sheriff Weaknect, and Berks County Deputy Sheriff Doe. The Berks County Defendants do not seek dismissal of Plaintiff's fourteenth amendment claims regarding the Central Booking conditions, but seek dismissal of his claims to the extent that they are pled under the Fourth and Eighth Amendments. Berks County argues that Plaintiff was a pretrial detainee while in Central Booking, and therefore the Fourth and Eight Amendments are not applicable.

At this stage in the litigation, the Court will not dismiss the Fourth and Eighth Amendment claims against the Berks County Defendants for alleged constitutional injuries suffered while in Central Booking, but will allow them to proceed as alternative bases for

---

[11] *Id.*

[12] Failure to discipline can, in some factual circumstances, constitute evidence of a relevant police, practice, custom, or culture within a public agency. However, as Plaintiff acknowledges, the failure to discipline an individual, after the fact, for committing a constitutional violation cannot be considered a *cause* of that same constitutional violation.

liability. The Court will be better able to determine on a developed factual record what Plaintiff's status was with regard to his parole violation and the filing of any new criminal charges, and therefore will defer decision as to whether Plaintiff's detention in Central Booking constituted a seizure, a pretrial detention, or a post-conviction detention. Accordingly, to the extent that Plaintiff's deliberate indifference/failure to render medical aid claims concern Plaintiff's treatment while in Central Booking, the claims will not be dismissed.

*Punitive Damages*

It is premature to address Plaintiff's request for damages at this stage in the litigation. Accordingly, the Court denies the Berks County Defendants' motion to dismiss Plaintiff's request for punitive damages, without prejudice to their right to raise this issue at a later stage in the litigation.

## IV.   CONCLUSION

For the reasons set forth above, the Court dismisses Plaintiff's federal Count I and Count III claims against Berks County insofar as those claims arise from the events of March 20, 2012. The Court will not dismiss, at this time, the alternative grounds for liability asserted in Count III, insofar as Count III pertains to the treatment of Plaintiff during his time in Berks County Central Booking on March 25-26, 2012, or the request for punitive damages.

An appropriate Order follows.